IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERESA YOUNG a/k/a DONELLA D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02169-JTF-tmp |
| ) | |
| MAGISTRATE JUDGE ANNIE T. ) | |
| CHRISTOFF, and DISTRICT JUDGE ) | |
| THOMAS L. PARKER, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION DISMISSING CASE WITHOUT
PREJUDICE**

Before the Court is Plaintiff Teresa Young's *pro-se* complaint against Magistrate Judge Annie T. Christoff and District Judge Thomas L. Parker, filed on March 16, 2022.  (ECF No. 1.) When filing the complaint, Young neglected to pay the $402.00 civil filing fee or submit a properly completed application to proceed *in forma pauperis*. On March 22, 2022, the Chief Magistrate Judge entered an order directing Young to file a properly completed non-prisoner *in forma pauperis* affidavit or pay the $402.00 civil filing fee within 30 days. (ECF No. 5.) This Order also notified Young that failure to comply in a timely manner would result in dismissal of the action without further notice pursuant to the Local Rules and Federal Rules of Civil Procedure. (*Id.*)

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*,

1

237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

After screening Young's complaint under 28 U.S.C. § 1915(e)(2), the Chief Magistrate Judge entered a Report and Recommendation ("R & R") on May 10, 2022, advising the Court to dismiss Young's case without prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (ECF No. 9.) Young's objections to the R & R were due on May 24, 2022. (*Id.*) The Court notes the Clerk's office mailed a copy of the Chief Magistrate Judge's Order to include a non-prisoner *in forma pauperis* application to *pro-se* Plaintiff's address in New Jersey as well as to the P.O. Box in Frederick, Maryland that is associated with her name. (*Id.*) The Court further notes the Clerk's Office received the mail to Young returned as undeliverable. (ECF Nos. 8-10.)

To date, Young has not complied with the Chief Magistrate Judge's Order and has filed no objections to the R & R. *See* 28 U.S.C. § 636(b)(1). Her chance to do so has long since passed.

LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R & R). Furthermore, there has been no activity since the improper filing of the complaint without the requisite $402 civil filing fee or properly completed non-prisoner *in forma pauperis* application. If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Sixth Circuit held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Sepia Enterprises, Inc. v. City of Toledo,* 462 F. 2d 1315 (6th Cir. 1972) (per curiam).

Given the above, the Court agrees with the Chief Magistrate Judge's recommendation that pursuant to Fed. R. Civ. P. 41(b), Young's complaint be dismissed without prejudice for failure to prosecute the case. (ECF No. 6.) Young was advised that dismissal of this action would follow upon failure to comply with the Chief Magistrate Judge's Order to Show Cause. The R & R informed Young that objections were due on May 24, 2022. Young has taken no action in the case since, and the time to do so has passed. Accordingly, the Court **ADOPTS** the R & R and dismisses Young's case without prejudice for failure to prosecute. Young can refile the civil action with the requisite $402 civil filing fee or properly completed non-prisoner *in forma pauperis* application.

## CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation **DISMISSING** *pro-se* Plaintiff's complaint without prejudice for lack of prosecution.

**IT IS SO ORDERED** this 6th day of January, 2023.

 *s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE